**GLOWIENKE et al. v. HAWAIIAN DREDG-ING CO., Limited, et al.**

**BENNETT et al. v. HAWAIIAN DREDG-ING CO., Limited, et al.**

No. 44 C 944.

United States District Court
N. D. Illinois, E. D.

Jan. 6, 1949.

Chas. A. Boyle and Robert Irminger, Chicago, Ill., for plaintiffs.

William G. Vogt and Kenneth S. Nathan, Chicago, Ill., for defendant.

IGOE, District Judge.

After the completion of evidence on the main issues in these causes, issue was joined on the amended answer of the defendants setting forth claims of good faith under Sections 9 and 11 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 258, 260. Evidence was received, briefs were

filed and arguments were heard on these issues.

■ The Court is of the opinion that Sections 9 and 11 of the Portal-to-Portal Act of 1947 are constitutional.

The evidence of the defendants as to good faith includes an opinion of the Wage and Hour Administrator issued on February 18, 1941, and that the construction of air bases in the Pacific by certain of the defendants was not covered by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Additional evidence discloses that payroll classifications, changes in rates and weekly payrolls were approved by the officer in charge at Chicago and at Joliet. The defendants testified that the Bureau of Yards and Docks of the United States Navy adopted and adhered to a policy or interpretation that the Fair Labor Standards Act of 1938 did not apply to cost-plus-fixed-fee contractors.

The defendants secured no ruling from the Wage and Hour Administrator as to the applicability or non-applicability of the Fair Labor Standards Act of 1938 to the employees at Chicago and at Joliet. The plaintiffs were not employed by the defendants in February of 1941 and the activities at Chicago and at Joliet did not begin until about December of 1942.

The defendants' witnesses testified that the policy or interpretation of the Bureau of Yards and Docks was adopted and adhered to in the face of contrary court decisions and administrative rulings. The defendants testified that they were familiar with the Fair Labor Standards Act, the exemption provisions thereof and knew that employees who did routine work were not exempt from the Act.

Prior to the start of the Chicago and Joliet operations, the Wage and Hour Administrator had ruled that cost-plus-fixed-fee contractors were covered by the Fair Labor Standards Act. Shortly after the start of the Chicago operations, court decisions held that such contractors were subject to the Fair Labor Standards Act.

■ The Court is of the opinion that the failure of the defendants to pay overtime compensation to non-exempt employees was not in good faith in reliance upon an administrative ruling, order or interpretation within the meaning of Section 9 of the Portal-to-Portal Act of 1947.

■ The defendants have failed to show, to the satisfaction of the Court, within the meaning of Section 11 of the Portal-to-Portal Act, that they acted in good faith in failing to pay overtime to non-exempt employees, and have failed to show to the satisfaction of the Court, that they had reasonable grounds for believing that this failure to pay overtime was not a violation of the Fair Labor Standards Act. The Court is, therefore, of the opinion that non-exempt employees are entitled to overtime compensation and one hundred percent (100%) liquidated damages.

The defendants were engaged in purchasing operations for the United States Navy under cost-plus-fixed-fee contracts. The work of the plaintiffs had to do with the preparation of the necessary preliminary material for purchases and the completion of the purchases. These purchases were made from many manufacturers, suppliers and jobbers throughout the various states and the merchandise was shipped to various points throughout the various states. The Joliet operation was a purchasing, shipping and storing operation and the plaintiffs employed there worked on purchases and their work also involved the storing and shipping of merchandise.

It was stipulated at the trial between counsel for the respective parties that if each plaintiff testified, he would testify that he was engaged in interstate commerce within the meaning of the Fair Labor Standards Act of 1938.

■ The Court is of the opinion that the defendants were engaged in interstate commerce.

From the facts in this case and the stipulations of the parties, the Court is of the opinion that the plaintiffs were "engaged in commerce" within the meaning of the Fair Labor Standards Act of 1938. Because of this conclusion, the Court has not considered coverage of the plaintiffs with reference to the phrase, "in the production of goods for commerce" in Section 7(a) of

680

the Fair Labor Standards Act and, of course, has not considered cases interpreting this last mentioned phrase.

The only defense raised by the defendants as to the so-called Navy Auditors was a claim that these plaintiffs were not employees of the defendants. The Court concludes that the so-called Navy Auditors were employees of the defendants and were not employees of the United States Navy.

The Court has considered the evidence with regard to the exemptions claimed by the defendants. From the evidence and the stipulations, admissions and waivers of the parties, the Court is of the opinion that certain plaintiffs are not entitled to overtime compensation and attached to this opinion is a list of such plaintiffs, and the periods covered.

The Court makes the following conclusions as to all of the remaining plaintiffs, except those enumerated in the attached list: Such plaintiffs were not employed by the defendants in administrative, executive or professional capacities, as defined by the Wage and Hour Administrator. These plaintiffs are, therefore, entitled to overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938.

It was stipulated by the parties that the records of the defendants shall be relied on to prove the weekly salaries of the plaintiffs and the periods of employment. Computations of overtime and damages shall be made from such records pursuant to this opinion and previous orders of court as to computation of overtime.

The plaintiffs' attorneys will present to the Court such changes in their findings of fact and conclusions of law as may be necessary in the light of this opinion. This cause will be set for a convenient date to receive such amended findings of fact and conclusions of law. The attorneys for the defendants will deliver to the attorneys for the plaintiffs, within 10 days, computations of overtime compensation and liquidated damages.

Upon presentation of a judgment order the Court will hear evidence as to plaintiffs' attorneys' fees and reasonable attorneys' fees will then be awarded.